FILED IN
4th JUDICIAL DISTRICT COURT
4/10/2014 12:00:48 PM

JJM

FOURTH JUDICIAL DISTRICT COURT
COUNTY OF SAN MIGUEL
STATE OF NEW MEXICO

CHRISTOPHER LUCERO, individually, as Co-
Personal Representative of the ESTATE OF
MARIA SANDOVAL, and as parent and next
friend of JAYLA LUCERO and AZTLAN
LUCERO, minors,

     Plaintiffs,

vs.                              Cause No.:_____D-412-CV-2014-00110_____

GEORGE HEAGERTY, III and
USA CYCLING, INC.

     Defendants.

## COMPLAINT FOR WRONGFUL DEATH, LOSS OF CONSORTIUM AND OTHER DAMAGES UNDER THE NEW MEXICO WRONGFUL DEATH ACT AND NEW MEXICO STATUTORY AND COMMON LAW

     The Plaintiffs bring the following causes of action against Defendants pursuant to the New Mexico Wrongful Death Act, NMSA 1978 §§ 41-2-1, *et seq.*, and New Mexico statutory and common law.

### PARTIES AND JURISDICTION

     1.     At the time of her death on June 16, 2013, Maria Sandoval (hereinafter "Maria" or "Decedent"), age 25, resided in Guadalupe County, New Mexico.

     2.     Plaintiff Christopher Lucero was Maria's domestic partner; at all relevant times resided with Maria and their minor children, Jayla Lucero and Aztlan Lucero, in Guadalupe County, New Mexico; is the duly appointed co-personal representative of

- 1 -



the Decedent's Estate, said estate having been filed in Guadalupe County, New Mexico, and; is the parent and next friend of Jayla Lucero and Aztlan Lucero, minors.

3.      Plaintiff Jayla Lucero is a resident of Guadalupe County, New Mexico, is Decedent's surviving minor daughter, resided with Decedent, and Decedent provided companionship, society, guidance, counseling and personal and financial care for Jayla which was wrongfully taken as a result of Decedent's tragic death.

4.      Plaintiff Aztlan Lucero is a resident of Guadalupe County, New Mexico, is Decedent's surviving minor son, resided with Decedent, and Decedent provided companionship, society, guidance, counseling and personal and financial care for Aztlan which was wrongfully taken as a result of Decedent's tragic death.

5.      Defendant USA Cycling, Inc. (hereinafter "Defendant USA Cycling") is a foreign corporation conducting bicycling activities, racing and other cycling business throughout the United States of America, having its principal place of business in Colorado Springs, Colorado. USA Cycling, Inc.'s Registered Agent for service of process is Kathryn Price, 210 USA Cycling Point, Colorado Springs, CO 80919.

6.      Defendant George Heagerty, III (hereinafter Defendant "Heagerty") is a resident of San Antonio, Texas, is the employee and agent of Defendant USA Cycling, is over the age of majority, is not on active duty in any branch of the United States Armed Forces, and is otherwise *sui generis* and *sui juris* and subject to the jurisdiction of this Court.

- 2 -

7.      The motor vehicle collision that is a subject of this lawsuit occurred on June 16, 2013 on U.S. 84, near milepost 88, in San Miguel County, New Mexico.

8.      Jurisdiction and venue are proper in this Judicial District pursuant to NMSA § 38-3-1.

## FACTUAL BACKGROUND

9.      Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

10.      Defendant Heagerty is the Southeast Regional Administrator/Coordinator for Defendant USA Cycling.

11.      On June 16, 2013 Defendant Heagerty was on company business within his scope and agency with USA Cycling, traveling from Colorado, through New Mexico, on his way to Texas.

12.      During this travel, Defendant Heagerty was fatigued and sleepy, but nevertheless made the decision to keep driving.

13.      At approximately 3:00 p.m., Defendant Heagerty was driving south on U.S. 84 in New Mexico, drove left of center, crossed the center line, and drove directly into oncoming northbound traffic, and into Maria Sandoval.  Maria swerved to the right in an attempt to avoid colliding with Defendant Heagerty.  However, Heagerty hit the left front side of Maria's vehicle, spinning both vehicles violently. Maria was crushed in

the collision and pinned inside her vehicle. Maria died thereafter from her injuries before EMTs could load her into the on-scene life flight helicopter.

14.     The crash scene was littered with alcoholic drinks that emanated from Defendant Heagerty's vehicle.

**COUNT I**
**NEGLIGENCE AND NEGLIGENCE PER SE**
**OF DEFENDANT GEORGE HEAGERTY**

15.     Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

16.     Pursuant to New Mexico law, Defendant Heagerty owed the duty to exercise care for the safety of the person and property of others.

17.     Defendant Heagerty breached his duties of care on June 16, 2013, including but not limited to:

      a.     failing to keep a proper lookout and maintain proper control of the vehicle at all times, placing himself and others in danger and causing the subject collision;

      b.     failing to give his full time and entire attention to the operation of the vehicle;

      c.     operating a vehicle on the highway in a careless, inattentive or imprudent manner;

      d.     operating his vehicle in a reckless manner;

e.      speeding and/or failing to control his speed necessary to avoid colliding with persons and/or vehicles on the highway;

f.      failing to maintain his driving lane;

g.      failing to drive only upon the right-hand side of the roadway and crossing over the center line; and by

h.      driving on the left of the roadway in a no passing zone and failing to obey the no passing signs and markings in the roadway.

18.     Defendant Heagerty's actions/inactions constitute negligence, and negligence *per se* (as a matter of law), in that statutes and regulations were in force in New Mexico on June 16, 2013, including:

18.1    the duty of every operator of a vehicle to keep a proper lookout and to maintain proper control of his vehicle at all times so as to avoid placing the operator or others in danger and to prevent an accident; *see* New Mexico U.J.I. 13-1202;

18.2    the duty to give his full time and entire attention to the operation of the vehicle, as required by NMSA § 66-8-114(A);

18.3    the duty not to operate a vehicle in a careless, inattentive or imprudent manner, as set forth in NMSA §66-8-114(B);

18.4    the duty not to drive carelessly and heedlessly in willful or wanton disregard of the rights or safety of others without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property of another, as set forth in NMSA § 66-8-113;

18.5     the duty not to speed - and to control a speed necessary to avoid colliding with persons and/or vehicles on the highway, as set forth in NMSA § 66-7-301;

18.6     the duty to drive a vehicle only upon the right-hand side of the roadway and not cross over the centerline, as set forth in NMSA § 66-7-319; and

18.7     the duty not to drive on the left of the roadway in a no passing zone and to obey the directions of the no passing signs and markings, pursuant to NMSA § 66-7-315.

19.     Defendant Heagerty's failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries, death and damages complained for herein.

20.     Defendant Heagerty's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts or failure(s) to act, were a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, medical care, disfigurement and death, funeral and burial expenses, loss of earnings and earning capacity, loss of life and enjoyment of life, and loss of household services, for which Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

21.     Defendant Heagerty's conduct showed an utter indifference to, or conscious disregard for, the safety of others, thereby justifying an award of punitive damages against this defendant.

22.     At all material times, Defendant Heagerty was an employee and/or agent of Defendant USA Cycling, and was acting within the course and scope of his employment and/or agency.

23.     Defendant USA Cycling is vicariously liable for Defendant Heagerty's actions, under the doctrine of *respondeat superior* and other principles of agency, as it authorized, participated in, and ratified those actions.

## COUNT II
## NEGLIGENCE OF DEFENDANT USA CYCLING, INC.

24.     Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

25.     At all material times, Defendant USA Cycling, Inc. owed the duty to exercise care for the safety of the person and property of others.

26.     At all material times, Defendant USA Cycling was under a duty, along with its managers, supervisors, employees, agents and contractors, to ensure the safe operation of vehicles by its employees and agents.

27.     Defendant USA Cycling, its managers, supervisors, employees, agents and contractors breached their duties of care, including but not limited to:

27.1     requiring and/or permitting Defendant Heagerty to operate a motor vehicle when he was physically unfit and/or fatigued to do so;

27.2     requiring and/or permitting Defendant Heagerty to operate a vehicle when his ability or alertness was so impaired, or so likely to become impaired,

through fatigue, or any other cause, as to make it unsafe for him to begin or continue to operate a vehicle.

28.    Defendant USA Cycling also owed a duty to those members of the public, including Decedent and Plaintiffs, whom they might reasonably anticipate would be placed in a position of risk of injury as a result of negligently hiring, contracting, training, supervising, monitoring and/or retaining an unfit employee.

29.    Defendant USA Cycling breached its duty of care in that at the time it employed and/or contracted Defendant Heagerty, it was aware or should have been aware that Defendant Heagerty lacked the proper training, knowledge and skills necessary to safely operate motor vehicles.

30.    Defendant USA Cycling failed to adequately assess and train Defendant Heagerty in the safe operation of motor vehicles, and specifically regarding the effects of fatigue, general health, and what to do when becoming fatigued while driving.

31.    When it became or should of became known to Defendant USA Cycling  that Defendant Heagerty was operating motor vehicles in an fatigued and or unfit condition, Defendant USA Cycling should have prohibited any further operation of motor vehicles on its behalf by Defendant Heagerty.

32.    It was or should have been foreseeable to Defendant USA Cycling that some general harm or consequence was a reasonably foreseeable result of its negligent hiring, contracting, training, supervising, monitoring and/or retention of Defendant Heagerty,

especially when that negligent hiring, contracting, training, supervision, monitoring and/or retention involved his unsafe operation of motor vehicles on public roadways.

33.     The standard for determining whether an employer should be held liable for negligent supervision of an employee does not require proof of the actual knowledge of the employee's lack of skills or unfitness to perform such work, but whether the employer knew or should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position. *See F & T Co. v. Woods*, 92 N.M. 697, 699, 594 P.2d 745, 747 (1979).

34.     The wrongful acts and or failure(s) to act by Defendant USA Cycling, its managers, supervisors, employees, agents and/or contractors as set forth above, including the aggravating circumstances attending the wrongful acts and/or failure(s) to act, were a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, medical care, disfigurement and death, funeral and burial expenses, loss of earnings and earning capacity, loss of life and enjoyment of life, and loss of household services, for which Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

35.     Defendant USA Cycling's conduct and/or that of its managers, supervisors, employees, agents and/or contractors shows an utter indifference to, or conscious disregard for, the safety of others, and a pattern and practice of such indifference, thereby justifying a direct and a vicarious award of punitive damages against this Defendant.

## COUNT III
## LOSS OF CONSORTIUM OF PLAINTIFFS
## CHRISTOPHER LUCERO, JAYLA LUCERO AND AZTLAN LUCERO

36.     Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

37.     Plaintiff Christopher Lucero enjoyed a very special marital, familial, loving, care-giving and intimate relationship with Maria.

38.     Plaintiff Christopher Lucero suffered and will continue to suffer from the emotional distress caused by the loss of society, companionship and sexual relations he enjoyed with his Maria, which was wrongfully taken from him as a result of her tragic death.

39.     Plaintiffs Jayla Lucero and Aztlan Lucero enjoyed very special familial, loving and care-giving relationships with Decedent.

40.     Plaintiffs Jayla Lucero and Aztlan Lucero suffered and will continue to suffer from the emotional distress caused by the loss of society and companionship they enjoyed with Decedent, which was wrongfully taken from them as a result of her tragic death.

41.     Defendants' negligence, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiffs Christopher Lucero's, Jayla Lucero's and Aztlan Lucero's loss of consortium damages, and Plaintiffs are entitled to a recovery against each of the Defendants for those damages in an amount to be awarded by the jury herein.

WHEREFORE Plaintiffs request monetary damages against Defendants, and each of them, in amounts to be awarded by the jury to be just and reasonable, for punitive damages, for pre- and post-judgment interest, for costs, and for all other appropriate relief.

Respectfully submitted:

WILL FERGUSON & ASSOCIATES

By:   /s/ Robert M. Ortiz
ROBERT M. ORTIZ
1720 Louisiana Blvd NE, Suite 100
Albuquerque, NM 87110
Phone: (505) 243-5566
*Attorneys for Plaintiffs*